Good morning, Your Honors. Elisa Soano-Peterson for Defendant Andrew Rubin. Basically, this case is just about the supervised release terms. And I just wanted to talk briefly about Supervised Release Term 9, Special Condition Number 9. Pre-approval for licensed occupations. Right, yes. And basically, that is an impermissible occupational restriction. And the reason is that it is just so broad and vague, it would prevent the defendant from engaging in many different occupations, not at all related to his offense of conviction. He can engage in the occupation, he just has to get approval from the probation officer. Right. And I think there is an implicit inclusion in that of reasonableness. So the probation officer can't unreasonably disapprove. So why is that a problem? Well, I think that any restriction that just, you know, just leads it to – you shouldn't even have to ask the permission of the probation officer if it's something that's just not related. Like, for example, if you wanted to sell hot dogs, presumably you'd have to get some sort of license or, you know, wash dogs or, you know, clean houses. I mean, having a cleaning business or any other thing, he would have to get some sort of – What's your strongest case that you think supports your argument? The strongest case from the Ninth Circuit that you think supports your argument that this is an impermissible condition? Well, basically, I mean, there aren't too many cases on this in published cases, but I suppose the Brett case, I mean, it dealt with a different condition, but, you know, they said it wasn't reasonably related when you had to disclose, you know. Are there any that – you start by saying that, you know, it's an impermissible occupational restriction. Are there any – what's your best case on occupational restrictions? Well, I believe the Brett case had to do with occupational restrictions. Oh, okay. So, you know, there aren't too many published cases in this area, so. Did you object to any of these conditions in the lower counsel? Well, in terms of – It was my understanding that counsel did not object to any of these, but now we're on appeal, so it's an abuse of discretion generally, but – and pretty deferential, but even here we're even looking at plain error, aren't we? Yes, except for condition number, I believe it's three, which has to do with something else, and I'm submitting on that issue, but this particular issue, yes, it would be under plain error. So you're saying with no case out there that says to the old district judge, you can't do this, and with the general state of the case law is that there has to be a reasonable application of these conditions, that this one is just plain error? Yes, but I believe in Britt they said there has to be a reasonable relationship between the occupational restriction and the offenses charged. What was the crime of conviction? Go ahead. What was the crime of conviction? Engaging in unlawful monetary transactions, basically transferring money to an offshore account from an unlawful business. But the underlying – I mean, the underlying activity was to – Has to do with medical billing. Sort of fraudulent selling of software. Selling software, right. So if you're going to go into any kind of business, that's sort of related. I mean, if the underlying conduct was sort of defrauding people, then why wouldn't it be reasonable for the probation officer to know that this is the kind of business that this releasee is going to undertake so the probation officer can kind of keep an eye on whether or not it's being operated legitimately? Well, it's just the defendant's position that it's just too overbroad. Obviously, some restrictions are reasonable, but in a provision like this where they're just saying, you know, you have to ask permission for any occupation, I think that's overbroad. It requires a license. Right, that requires a license. It's overbroad. And I really don't have anything else unless the Court has further questions. It appears not. You have time for rebuttal if you'd like. Thank you. I'd like to reserve for rebuttal. Good morning. John Claude Andre on behalf of the United States. Judge Smith, you were correct to assert that plain error review governs this appeal, and I think that that's critical in this case. Plain error, of course, requires the defendant not only to show that the district court made a mistake, but also that it was an obvious mistake and that it affected the defendant's substantial rights. Even then, as Alano made plain from the Supreme Court, this Court can only reverse if the integrity or fairness or reputation of judicial proceedings is impaired by that mistake. Here the defendant didn't object to any of the errors that he asserts on appeal, and as a result he bears the burden of establishing or satisfying all four of those Alano factors to secure reversal. I think what's instructive are a couple of cases. One is the Supreme Court's recent decision, I believe it was just last month, in Puckett, where for the first time in a number of years the Supreme Court explained what plain error review means and that, you know, plain error review has to have some bite and that, in particular, third and fourth factors can't be dispensed with by means of semantics and that certainly a court can look at whether there might be a slightly different outcome if the lower court hadn't erred, but that itself is not enough to secure reversal, that really the error has to be substantial, meaningful. This Court also recognized as much in United States v. Ma, which is one of the cases I believe we cited in our briefs. Did Puckett tighten or change any of the Alano standards? I don't believe that it changed anything. Puckett did recognize it. Just said we mean it. Is that right? Pardon me? Just said we mean it. Exactly. I think that's right. I think that the Supreme Court was looking at the fact that when you apply plain error, it is a fact-intensive review, and that, you know, courts, there are decisions going both ways under Alano, but the Supreme Court definitely reiterated in Puckett what it said in Alano and said, yes, we mean what we said in Alano. Did you cite that case in your brief, Puckett? No, Your Honor. Puckett just ---- Did you get scared to argue that here today when you didn't cite it in your brief and opposing counsel didn't have a chance to consider the impact of that case? Your Honor, Puckett was just decided by the Supreme Court. In fact, it doesn't even have a Supreme Court or United States report citation. It just has a Westlaw citation. It's one of the Supreme Court's most recent decisions. Right. But we have a process for you to apprise us if you're updating your brief. Absolutely, Your Honor. Yes, I'm aware of PREP 28J. I don't think it's unfair because, as I pointed out to Judge Canby's question, really Puckett just kind of reinforces what ---- We don't know that because we don't have the case in front of us. Yes, Your Honor. Because defendant didn't object to any of the errors below, and this Court is reviewing for plain error, I think this Court should look at whether ---- focus on whether the district court made a grave mistake. I mean, I think this case could be resolved on any of the Alano factors. The government's position is that the district court didn't err at all in imposing the supervised release conditions here or in imposing a three-year ---- That's pretty broad, isn't it? I mean, if he wants to become a barber, he still has to get permission. That's true. Certainly ---- It doesn't really have much relation to what his crime was. Certainly Condition 9 could have been more narrow. And this is perhaps why plain error is so critical with respect to that condition, in that if this Court was reviewing that condition under de novo, perhaps there would be an error. But under plain error review, as Judge Rawlinson pointed out in her comments to my opposing counsel, here the defendant is not just a one-time fraudster. He actually is a two-time fraudster. He also sustained a 1993 fraud offense. And so when the district court was trying to craft conditions that would ensure that the defendant wouldn't recidivize, that this was a reasonable means of doing so. Additionally, as Judge Rawlinson pointed out, the courts, I think, consensibly put some faith in the probation officer to reasonably apply this condition. So if the defendant wants to sell hot dogs or if the defendant wants to become a cosmetologist, presumably the probation office wouldn't say you can't engage in that profession. But if the defendant wanted to engage in business as, let's say, a financier, that that might be a little more problematic. But either way, this condition doesn't prohibit the defendant from engaging in any particular occupation. It just requires him to notify the probation office and then get the probation officer's approval for that condition. So to that extent, we don't think that under plain error review it is fatally overbroad. The other problem that I think the defendant has, and for this proposition I'm relying on the Stottero case, the defendant doesn't have a clear occupation. He doesn't hold a certificate to operate a particular piece of heavy machinery. He's not a lawyer. He's not a doctor. He's had a number of fleeting jobs over the years. And as a result, when you apply the test from Stottero, which is you look at what the defendant's occupation is to determine whether the restriction is even an occupational restriction in the first place, it's kind of hard to define whether this condition really would impact the defendant's occupation. Now, certainly the defendant has, I guess, proffered that he has this job lined up in Japan. But when he did that in the next party that was filed after the notice of appeal was filed in this case. So as a result, I don't think that the job that's lined up in Japan is really properly before this court because this court has to look at whether the district court plainly erred when it imposed sentence well before a defendant ever notified the district court that he had this job lined up in Japan. But even then, just as the defendant moved to modify his conditions of supervised release to account for this job in Japan, which may or may not be impacted by Special Condition 9 or the other conditions at issue in this appeal, the defendant can go back when he gets out of custody in December of this year and say, you know, prison time did me a lot of good. I've been rehabilitated. I have this certificate in ethics or what have you. And perhaps then Judge Klausner could modify his conditions to make them a little bit more narrow and allow him to take the job in Japan or hold other jobs that might require licensing or certification. All of this goes to plain error again because the defendant has to show that his substantial rights were affected. And given that there's this modification procedure expressly laid out in Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. 3583, it's hard to say that a substantial right was seriously affected when the district court can still afford defendant the relief that he may want at an appropriate time, namely when he's out of custody and his conditions have changed and he can make a showing to that court that he's entitled to relief. Unless the court has further questions. It appears not. Thank you. Thank you. Counsel, would you like rebuttal? Yes, sir. All right. First of all, I'd like to say that I haven't had a chance to review the Puckett case, so it wouldn't be fair to consider it. And the other thing is, again, we get to Special Condition 9, where it says he shall not be employed in any position that requires licensing. That is obviously an occupational restriction because it basically restricts him. And I know that it's conditioned on getting approval from the probation officer, but that is just too much unlimited discretion to give to the probation officer. I mean, there's just no reasonable reason that he should report to the probation officer for any sort of business. Like I said, if he's selling hot dogs. How would that affect his substantial rights, though, if he can get permission from the probation officer? Well, I mean, it potentially can affect his substantial rights if the probation officer just says no and he wants to sell hot dogs and that's the only job in town. It certainly has the potential of doing so. And if no one has any further questions. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. The next and final case on calendar for argument is United States v. Minkoff and McCabe.
judges: Canby, Rawlinson, Smith N. R.